# Horsuch v. Fry.

*Practice, C. P.—Affidavit—Affidavit by stranger—Sheriff's interpleader
—Sworn answer.*

When a defendant puts in a stranger's affidavit it must show upon its
face sufficient reason why it was not made by the defendant himself, that
a real disability existed which prevented him from making it, and the
circumstances giving rise to the disability. This rule, relating to affi-
davits of defense, is also applicable to the sworn answer required by the
rules of court of Allegheny county in sheriff's interpleader proceedings.

Argued May 21, 1903.   Appeal, No. 12, April T., 1903, by
D. R. McNaught, from order of  C. P.  No. 2, Allegheny Co.,
April T., 1902, No. 62, discharging rule for interpleader in case
of Bruce Horsuch v.  J. H. Fry.   Before RICE, P. J., BEAVER,
ORLADY,  W. D. PORTER, MORRISON and HENDERSON, JJ.
Affirmed.

Rule for sheriff's interpleader.
The facts appear by the opinion of the Superior Court.

*Error assigned* was the order of the court.

*J. D. Hern*, for appellant.

*J. Charles Sheriff*, with him *Thomas M. Henry*, for appellee,
cited: James v. Young, 1 Dallas, 248.

OPINION BY HENDERSON, J., October 5, 1903:
Bruce Horsuch caused a writ of fi. fa. to be issued from the
court of common pleas of Allegheny county against J. H.
Frey, upon which writ the sheriff made a levy upon personal
property.   The property was claimed by D. R. McNaught,
who served a notice upon the sheriff that he was the owner of ·
the goods.   The sheriff thereupon obtained a rule on the plain-
tiff and McNaught to show cause that they should not maintain
or relinquish their respective claims on the property in accord-
ance with the practice in such cases, which rule was duly
served.   In response to the rule an answer was filed for Mc-
Naught by one O. B. Kehr.   After argument the court dis-
charged the rule for an issue without filing an opinion.   We

are therefore left to inference as to the grounds of the court's action.

A sufficient reason is found, however, in the fact that an answer under oath was not filed by the claimant as required by the rules of court of Allegheny county. Rule No. 134, relating to sheriff's interpleaders provides : " If the parties or either of them fail to appear and answer the rule under oath within five days after the service thereof, the rule shall be discharged ; and if the default is made by the plaintiff alone, the officer shall release the property claimed, otherwise he shall proceed with the execution.

" If both parties appear and answer as aforesaid, the court may discharge the rule, and direct the officer to release the property ; or order him to proceed with the execution ; or make the rule absolute, and award an issue to determine whether the right of property in the goods and chattels claimed is in the claimant or not, or make such other order as the justice of the case may require."

The record shows that the affidavit of claimant was not made by him, but by O. B. Kehr, " agent." No explanation is given or cause shown why the affidavit was not made by the claimant, nor is the character of the agency of the person making the affidavit disclosed. Indeed, it only appears inferentially that the deponent was the agent of claimant, as the fact of the agency is nowhere specifically averred in the affidavit. No authority is shown in the agent to make the affidavit and it appears from some of the statements therein that the deponent could not have known the facts of his own knowledge; nor does he allege that the facts are stated on information and belief of their truth. So far as appears from the record Kehr was a mere volunteer, without any authority to appear for Mc-Naught and make the affidavit required by the rule of court. The affidavit was therefore not in compliance with the requirements of the rule. In Griel v. Buckius, 114 Pa. 190, Mr. Justice PAXSON in delivering the opinion of the court, said : " The correct rule would seem to be that when a defendant puts in a stranger's affidavit, it must show upon its face sufficient reason why it was not made by the defendant himself ; that a real disability existed which prevented him from making it and the circumstances giving rise to the disability. This

rule is generally observed in practice throughout the state so far as I have had an opportunity of ascertaining." The rule here stated relates to affidavits of defense, but the reason for the rule is equally applicable to the affidavit now under consideration. If it were made to appear that the deponent had authority to make the affidavit and sufficient explanation were given of the inability of the party to make it himself, there would be no objection to the affidavit of a stranger to the proceeding, but in the absence of such explanation and evidence of authority to act, the affidavit is not in conformity with the practice in such cases and the court was justified in disregarding it and discharging the rule. The order is therefore affirmed and the appeal dismissed at the cost of the appellant.